11-1836-ag
Ren v. Holder

BIA
Van Wyke, IJ
A099 525 362

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:

>>> Ralph K. Winter,
>>> Reena Raggi,
>>> Susan L. Carney,
>>>> *Circuit Judges.*

_____

HUA REN,
       *Petitioner*,

       v.                                          11-1836-ag
                                                   NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:    Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Ren, a native and citizen of the People's Republic of China, seeks review of an April 6, 2011 order of the BIA affirming the April 9, 2009 decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Ren*, No. A099 525 362 (B.I.A. Apr. 6, 2011), *aff'g* No. A099 525 362 (Immig. Ct. N.Y. City Apr. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications governed by the REAL ID Act, such as Ren's, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the

2

plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

In this case, the agency found that Ren was not credible.  This determination rested in part on the IJ's finding that Ren's testimony that he was paid to hand out Falun Gong flyers was not plausible because the work was too dangerous and no country conditions evidence indicated that other individuals were paid to do similar work.  Ren argues that this finding was speculative as to how different individuals would respond to the threat of danger, and was not based on the record.  *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110 (2d Cir. 2006) (concluding that an IJ engaged in impermissible speculation in finding that it was implausible that the applicant's wife did not take greater precautions to avoid persecution).

Even assuming this finding was in error, remand is not necessary as "we can state with confidence that the IJ would adhere to his decision were the petition remanded,"  *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir. 2006), and there are "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility

3

determination," *Singh v. BIA*, 438 F.3d 145, 149-50 (2d Cir. 2006).

The record supports the IJ's finding that Ren's unresponsive and evasive manner undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). His adverse credibility finding was further supported by specific examples of inconsistent testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). As the IJ found, Ren gave conflicting testimony about why Chinese authorities investigated him and his girlfriend and whether he lived with his girlfriend. The IJ also noted that Ren's first asylum application omitted any mention of an alleged physical altercation with family planning officials. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (providing that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

In addition, the IJ reasonably found that Ren's explanation for how he had submitted an identification card to the court-after testifying that he lost his identification card and that his replacement card was confiscated by the authorities-was implausible because he

4

could not explain how his family obtained the card for him while he was in hiding because he was wanted for fighting with family planning officials. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (noting that this Court will "uphold a [plausibility] finding unless [it is] left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)).

Having found that Ren's testimony was not credible, the IJ reasonably expected him to present corroborating evidence to rehabilitate it. The agency reasonably noted that Ren failed to provide any evidence from his former girlfriend. Contrary to Ren's argument, the BIA was not compelled to conclude that this evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4).

Together, Ren's demeanor, the inconsistencies in his testimony, the lack of plausible explanation for how his family obtained his identification card, and his failure to provide corroboration reasonably deemed available, constitute substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the agency did not err in concluding that Ren was not eligible for asylum,

withholding of removal, or CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk